D. C. MURRAY v. JOHN MEKOLI AND ANOTHER.[1]

December 14, 1934.

No. 30,149.

[1]Reported in 257 N. W. 809.

*Harris Richardson,* for appellant.
*Gustav C. Axelrod,* for respondents.

DEVANEY, CHIEF JUSTICE.

Action on an account stated to recover $345.21. There are two defendants, John and Anna Mekoli, husband and wife. From March, 1929, to September, 1931, these defendants rented and occupied the downstairs part of a dwelling house owned by this plaintiff. The agreed rental was $20 a month. The account stated sets out in detail various amounts which it is claimed defendants owe plaintiff, including an agreed old balance, charges for rent, telephone, coal, ashes, etc. totaling $455.21. The account stated credits defendants with $110, the same being compensation for odd jobs done by defendants such as janitor service, cleaning house, putting on screens, etc. The balance of $345.21 is sued for.

Defendants filed separate answers, each consisting of a general denial and a counterclaim. Defendant John Mekoli counterclaimed for $562.50, which he claimed to be due him under an agreement with plaintiff made at the time that he, John Mekoli, commenced occupying plaintiff's premises. He alleges that he performed odd services around the premises for which plaintiff agreed to pay him 75 cents a day and that he furnished meals to plaintiff and to his sister-in-law at plaintiff's instance.

Defendant Anna Mekoli's answer was a general denial and set up by way of counterclaim that plaintiff owed her $365 with six per cent interest from July, 1931. Her claim is that she rendered services as a practical nurse in caring for plaintiff's sister-in-law for which plaintiff agreed to pay 50 cents a day.

The case was submitted under instructions, and the jury returned two verdicts. In one they found against plaintiff and for defend-

ant John Mekoli. In the other they found against plaintiff and in favor of defendant Anna Mekoli on her counterclaim, assessing her damages at $408.80. Plaintiff appeals from the judgment entered pursuant thereto.

The only question presented is whether the jury was justified in its finding. The record is somewhat irregular in that neither defendant was represented by counsel. Both came to court in person. The court assisted them as best he could. Some confusion was inevitable. However, we do not think such irregularity was prejudicial.

It appears that on or about September 17, 1931, shortly after plaintiff sold the dwelling house which defendants had occupied since 1929, he called on defendants. On this occasion he gave defendant Anna Mekoli a book, apparently a small notebook. It is not quite clear whether she had seen, used, or written in this book before. At any rate, he asked her to write down all items that she owed him and all claims that she had against him. This is marked exhibit "A" and is the account stated which forms the basis of this suit. Defendant Anna Mekoli testified that she wrote these figures not knowing what "it was to be or anything * * * he said, 'Just write it in there.'" She testified that plaintiff had promised them six months' free rent in one year and five months' free rent in another year for taking care of the furnace and doing other odd jobs, but that in computing these figures plaintiff nevertheless told defendant to add in the amount entitled to be deducted because of this agreement.

Defendant John Mekoli testified that on this occasion he presented plaintiff with a separate slip containing a statement of the amount plaintiff owed him but plaintiff refused to take it. This is substantiated by defendant Anna Mekoli. Defendant John Mekoli mentions other items for which he claims plaintiff owes him.

The main portion of defendant Anna Mekoli's testimony is devoted to a description of the care she gave plaintiff's sister-in-law, Susie, apparently a feeble and almost helpless old lady. According to defendant Anna Mekoli's testimony, much time and effort was devoted to feeding Susie, carrying her up and down stairs, and

taking care of her generally. Two witnesses, neighbors, were called by defendants. These witnesses substantiated the story that the amount of care administered Susie for the two years defendant occupied the premises was very great.

Considering the state of the record and the conflict in the testimony, it is clear that we cannot disturb the finding of the jury. There was contradictory testimony as to the agreements made between plaintiff and the defendants. An account stated is a contract and requires for its validity assent thereto by both parties. If the jury believed defendants' testimony, they well could find that the account stated which forms the basis of this suit never in fact was agreed to; that defendants offered plaintiff a bill at the time this account stated was written but that plaintiff refused to accept it, and that it was filled out in ignorance of what it was and without deducting certain items properly deductible. Further, the jury could find that defendant Anna Mekoli had devoted a great part of each day during the two years when defendants occupied plaintiff's premises to caring for Susie; that plaintiff had agreed to give defendants six months' free rent one year and five months' free rent the other and further had agreed to pay them for their services. We cannot say what the facts are when there is a conflict of stories. We have examined appellant's numerous assignments of error in detail and find therein no prejudicial error.

The judgment appealed from must be and the same hereby is affirmed.